

# IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>DAVID BOYCE MOUTON | Case Number: 20AO-CC00189 | |
|---|---|---|
| Plaintiff/Petitioner:<br>APRIL M MOORE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DANIEL P MOLLOY<br>3271 EAST BATTLEFIELD<br>SUITE 350<br>SPRINGFIELD, MO 65804 | FILED<br>Melissa Holcomb - Clerk<br>10/30/2020<br>JASPER COUNTY CIRCUIT CLERK<br>JOPLIN, MISSOURI |
| Defendant/Respondent:<br>JUAN R PENDERGRASS | Court Address:<br>601 S. Pearl<br>JOPLIN, MO 64801 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
(Except Attachment Action)

The State of Missouri to: **MAC TRANSPORTATION SERVICES LLC**
Alias:
**13694 GERANIUM STREET
CHINO, CA 91709**

COURT SEAL OF

JASPER COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

MELISSA HOLCOMB, CIRCUIT CLERK

10/30/2020 — Date     /S/L Shellenbarger Court Clerk — Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server     _____ Signature of Sheriff or Server

**Subscribed and sworn to** before me this ___ (day) ___ (month) ___ (year).
I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____ Signature and Title

**Service Fees**
Summons $_____
Non Est $_____
Mileage $_____ (___ miles @ $___ per mile)
Total $_____

See the following page for directions to officer making return on service of summons.

RECEIVED 2020 NOV -5 AM 9:18 SAN BERNARDINO SHERIFF

OSCA (07-18) SM60 (SMOS) For Court Use Only: Document ID# 20-SMOS-164    1 of 2 (20AO-CC00189)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) *For Court Use Only:* Document ID# 20-SMOS-164    2 of 2  (20AO-CC00189)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 3:20-cv-05120-JAM   Document 1-1   Filed 12/04/20   Page 2 of 7

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

APRIL MOORE,                              )
                                          )
                Plaintiff,                )
                                          )
vs.                                       )   Case No. 20AO-CC00189
                                          )
JUAN PENDERGRASS and                      )
MAC TRANSPORTATION                        )
SERVICES, LLC,                            )
                                          )
                Defendants.               )

## SECOND AMENDED PETITION

### Count I- Juan Pendergrass

**COMES NOW** plaintiff, April Moore, by and through her attorneys of record, and for her cause of action against defendant Juan Pendergrass, states, alleges and avers as follows:

1. Jurisdiction and venue are proper in the Circuit Court of Jasper County, Missouri because the incident at issue herein occurred in Jasper County, Missouri and the amount in controversy exceeds $25,000.00.

2. On June 29, 2019, plaintiff April Moore was operating a motor vehicle westbound on Interstate 44 within the city limits of Joplin in Jasper County, Missouri.

3. Plaintiff stopped her vehicle on the shoulder of westbound Interstate 44, exited her vehicle, opened the rear driver's side door, and leaned into the backseat of her vehicle.

1

4. As plaintiff was leaning into the backseat of her vehicle, defendant Pendergrass, operating a tractor trailer on westbound Interstate 44, collided with plaintiff and/or the rear door of plaintiff's vehicle while plaintiff was leaning into the backseat of her vehicle.

5. At the time and place of the collision, defendant Pendergrass had the duty to exercise that degree of care that a very careful person would exercise under the same or similar circumstances.

6. Defendant Pendergrass was negligent in that:

(a) He failed to keep a careful lookout;

(b) He failed to operate the motor vehicle on the traveled portion of Interstate 44;

(c) He drove at a speed which made it impossible for him to stop within the range of his vision;

(d) He drove at an excessive speed;

(e) He knew or by the use of the highest degree of care could have know that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened speed, sounded a warning, slackened speed and swerved, slackened speed and sounded a warning, or swerved and sounded a warning, but he failed to do so;

(f) He permitted his vehicle to come into contact with plaintiff who was standing on the shoulder of Interstate 44;

Electronically Filed - Jasper County - Joplin - October 29, 2020 - 02:42 PM

(g) He permitted his vehicle to come into contact with a vehicle stopped on the shoulder of Interstate 44;

(h) His motor vehicle came into contact with the rear driver's side door of plaintiff's motor vehicle;

(i) He failed to yield the right-of-way in that he failed to make a lane change into a lane not adjacent to that of plaintiff's stationary vehicle; and/or

(j) He failed to reduce the speed of his motor vehicle when approaching plaintiff's stationary vehicle.

7. As a result of defendant's negligence, plaintiff sustained the following:

(a) Past and future expenses for medical supplies, medicine, and the services of physicians, nurses, hospitals, pharmacists, therapists, psychologists, and other health care providers and related medical expenses;

(b) Injury to her left buttock;

(c) Injury to her neck;

(d) Injury to her back;

(e) Injury to right hand;

(f) Injury to her right arm;

(g) Depression;

(h) Anxiety;

(i) Lost wages;

(j) Diminution of earning capacity;

(k) Loss of household contributions.

**WHEREFORE** plaintiff prays for a judgment against defendant Juan Pendergrass in such sum as is fair and reasonable, for post-judgment interest at the legal rate, for an award of her taxable court courts, and for such further relief as is just and proper.

## Count II – MAC Transportation Services, LLC

**COMES NOW** plaintiff, April Moore, by and through her attorneys of record, and for her cause of action against defendant MAC Transportation Services, LLC, states, alleges and avers as follows:

1. Jurisdiction and venue are proper in the Circuit Court of Jasper County, Missouri because the incident at issue herein occurred in Jasper County, Missouri and the amount in controversy exceeds $25,000.00.

2. On June 29, 2019, plaintiff April Moore was operating a motor vehicle westbound on Interstate 44 within the city limits of Joplin in Jasper County, Missouri.

3. Plaintiff stopped her vehicle on the shoulder of westbound Interstate 44, exited her vehicle, opened the rear driver's side door, and was leaned into the backseat of her vehicle.

4. As plaintiff was leaning into the backseat of her vehicle, Juan Pendergrass, operating a tractor trailer on westbound Interstate 44, collided with plaintiff and/or the rear door of plaintiff's vehicle while plaintiff was leaning into the backseat of her vehicle.

5. At the time and place of the collision, Juan Pendergrass was the agent and/or employee of defendant MAC Transportation Services, LLC.

6. At the time and place of the collision, Juan Pendergrass was operating the motor vehicle within the course and scope of his employment and/or agency for defendant MAC Transportation Services, LLC.

7. Defendant MAC Transportation Services, LLC strictly liable for the damages caused or contribute to be caused by the negligent acts of defendant Juan Pendergrass within within the course and scope of his agency and/or employment with defendant MAC Transportation Services, LLC.

**WHEREFORE** plaintiff prays for a judgment against defendant MAC Transportation Services, LLC in such sum as is fair and reasonable, for post-judgment interest at the legal rate, for an award of her taxable court courts, and for such further relief as is just and proper.

AARON SACHS & ASSOCIATES, P.C.

DANIEL P. MOLLOY #58871
3271 E. Battlefield, Suite 350
Springfield, MO 65804
Ph. (417) 889-1400
Fax (417) 889-5359
daniel@autoinjury.com
Attorney for Plaintiff

5